UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THE APPROXIMATE SUM OF $205,552.67 SEIZED FROM DMCU, ACCOUNT NOS. xxxx3097 AND xxxx3053, <br><br> Defendant. | Case No. 1:17-cv-00442-BLW <br><br> **ORDER ENTERING DEFAULT JUDGMENT, APPROVING STIPULATION, AND ENTERING FINAL JUDGMENT, DECREE OF FORFEITURE AND CERTIFICATE OF REASONABLE CAUSE** |

This cause coming before the Court upon the application of Plaintiff, United

States of America, for Entry of Default Judgment, Approval of Stipulation, Entry

of Judgment, Decree of Forfeiture and Certificate of Reasonable Cause and the

Court being fully advised in the premises, finds:

1.      On October 24, 2017, the United States filed a Verified Complaint *In

Rem* (ECF No. 1), alleging that the Defendant Property was involved in a violation

of 18 U.S.C. §§ 1343 (wire fraud), 1956(a)(1)(A)(i) and (B)(i), 1956(h), and

ORDER ENTERING DEFAULT JUDGMENT, APPROVING STIPULATION, AND
ENTERING FINAL JUDGMENT, DECREE OF FORFEITURE - 1

1957 (money laundering), and subject to forfeiture pursuant to 18 U.S.C.

§§ 981(a)(1)(A), (a)(1)(C) and 984.

2.     The United States caused notice of this forfeiture action to be served

on all interested parties and to be published on the official government internet

site, www.forfeiture.gov, for at least thirty (30) consecutive days, beginning on

December 2, 2017, in accordance with the requirements of Rule G(4)(a) and (b) of

the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture

Actions, Federal Rules of Civil Procedure (ECF No. 6).

3.     All potential claimants known to the United States, being James Frank

Bowles and Minor League Sports Academy (hereinafter "Potential Claimants"),

and Caribou Construction (hereinafter Caribou), were served with a copy of the

Verified Complaint *In Rem* and the Notice of Forfeiture as follows:

a.     Potential Claimants were served by regular mail on November

30, 2017 and again on December 18, 2017, and by certified mail on

February 20, 2018; and

b.     Caribou was served on December 7, 2017 by certified mail.

4.     The Court entered Default against Potential Claimants on April 24,

2018 (ECF No. 10.)

5.     The United States and Caribou entered into a Stipulation to Judgment

in Anticipation of Remission Consideration filed on April 25, 2018.  (ECF No. 11.)

This Stipulation is an agreement between the parties that this civil case may be reopened for the limited purpose of considering Caribou's claim if the Department of Justice does not grant the petition for remission in this matter.

6.      The allegations of the Verified Complaint *In Rem* are taken as admitted.

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1355(b)(1)(A) and (B).

8.      The Court having considered the interests of justice, the pleadings submitted in this matter, and the factors set forth in *Eitel v. McCool*, 782 F .2d 1470, 1471 (9th Cir. 1986), makes the following findings.  The United States is acting in the interest of federal law and the victim.  The victim is prejudiced by the continued lack of access to their stolen funds and should not be subject to unnecessary delay where no other party presents a legitimate claim.  The merits of the United States' complaint for forfeiture are set forth in the Declaration in Support of the Verified Complaint In Rem. (ECF No. 1-1.)  The Declaration establishes a preponderance of evidence that the money seized by the United States was in fact proceeds of a criminal act and should be returned to the victim, Caribou, who is the only party presenting a legitimate claim.  Likewise, Caribou's filed claim establishes the merits of the action.  (ECF 5 and attachments.)  While the sum at stake is significant, Potential Claimants' documents (ECF 8-3) reveal no

ORDER ENTERING DEFAULT JUDGMENT, APPROVING STIPULATION, AND
ENTERING FINAL JUDGMENT, DECREE OF FORFEITURE - 3

legitimate claim to the funds and do not explicitly contest the victim's entitlement. No party has raised a material factual dispute.  The pleadings do not evidence excusable neglect by Potential Claimants or any other party.  To the contrary, the United States served and attempted to serve Potential Claimants at numerous addresses and provided detailed instructions on how to file a proper claim.  While judgment on the merits is generally preferred to default judgment, the record here presents no indication of merits contrary to return of the stolen funds to the victim, Caribou.  Likewise, federal law encourages the United States and the Courts to recognize and uphold the rights of victims.  See, e.g. 18 U.S.C. § 3771.

9.      Based upon the findings, the record herein, and the Court being otherwise fully advised in this matter, NOW, THEREFORE:

**IT IS HEREBY ORDERED AND ADJUDGED** that the Motion for Entry of Default Judgment (ECF No. 12) is GRANTED.  Potential Claimants are declared to be in default herein and a Default Judgment is hereby entered of record in favor of the United States against Potential Claimants, forfeiting any and all right, title and interest they may have in the defendant property herein described as the approximate sum of $205,552.67 seized from DMCU, Account Nos. xxxx3097 and xxxx3053.  The defendant property was seized by the USMS on or about November 24, 2017, and currently in the custody of the USMS pending this final order.

**IT IS FURTHER ORDERED** that the Stipulation to Judgment in Anticipation of Remission Consideration entered into between the United States and Caribou is hereby approved;

**IT IS FURTHER ORDERED** that, as to the defendant property, judgment of forfeiture is also hereby entered in favor of the United States and all other persons or parties, forfeiting all right, title, claim or interest they may have in said property, and that title to such property be and is hereby vested in the United States of America, and that no other person or entity shall have any claim of interest therein.  The above-named defendant property is condemned and forfeited to the United States of America for disposition by the Department of Justice, Federal Bureau of Investigation (FBI) according to law; and

**IT IS HEREBY CERTIFIED** by this Court, pursuant to 28 U.S.C. § 2465 and based upon the pleadings on file, that there was reasonable cause for seizure on the part of the United States of America.

The parties shall bear their own costs and attorney fees.

DATED: May 3, 2018

B. Lynn Winmill
Chief Judge
United States District Court

ORDER ENTERING DEFAULT JUDGMENT, APPROVING STIPULATION, AND
ENTERING FINAL JUDGMENT, DECREE OF FORFEITURE - 5